**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3384
_____

MALVA CUEVAS,
                    Appellant

v.

WELLS FARGO BANK, N.A., as Trustee for SECURITIZED TRUST GNR 2008-66;
JP MORGAN CHASE BANK NA, as Servicer; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM; DOES 1 THROUGH 10, INCLUSIVE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-06208)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2016
Before:  CHAGARES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Malva Cuevas appeals pro se from an order of the District Court dismissing her complaint. For the reasons that follow, we will affirm the District Court's judgment.

In January 2013, Appellee JPMorgan Chase Bank, N.A. ("Chase") commenced a mortgage foreclosure action against Cuevas and her husband in the Superior Court of New Jersey, for the failure to make payments on a note and mortgage that Cuevas had executed with Chase on May 22, 2008. The Superior Court granted a final judgment of foreclosure on July 30, 2014, after Cuevas and her husband failed to appear and defaulted the case.

Cuevas thereafter filed a complaint in the District Court against the Appellees on October 3, 2014, alleging various challenges to the foreclosure action. The core allegation in Cuevas' complaint was that Chase could not legally foreclose on the property that the mortgage secured because Chase had securitized the loan in a way that had extinguished its right to foreclose.

The three named Appellees moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Cuevas did not respond. The District Court thereafter granted the motion and dismissed Cuevas' complaint for want of subject matter jurisdiction. In particular, the District Court held that the Rooker-Feldman doctrine, which prohibits federal actions that seek to improperly appeal state court judgments to the federal courts, barred Cuevas' case because her complaint effectively sought to overturn the state foreclosure judgment. This appeal followed.

We have jurisdiction to review the District Court's order dismissing Cuevas' complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We construe Cuevas' pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We will affirm. We agree with the District Court that, to the extent that Cuevas complained of injuries caused by the state court foreclosure judgment and invited the Court to review it and reject it, subject matter jurisdiction was lacking. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

However, the Rooker-Feldman doctrine is narrow. See id. at 167-69. Construing Cuevas' claims liberally, part of the conduct at stake was potentially pleaded to have occurred prior to the foreclosure action, and was potentially pleaded to have involved

3

conduct unrelated to Chase's legal right to foreclose. See id. at 167 (the timing of alleged conduct in relation to the state-court judgment is a "useful guidepost" in assessing whether Rooker-Feldman applies). That said, to the extent Cuevas' suit presented a claim that did not directly attack the state-court judgment, her complaint failed to state a claim upon which relief may be granted.

Cuevas' complaint is premised on the theory that Chase securitized Cuevas' loan after the mortgage and note were executed, but before the foreclosure action. That theory draws on pure speculation. Although Cuevas' complaint incorporated a report that states it was authored by a "Certified Forensic Loan Auditor," that report asserts only that the loan note "may have been sold, transferred, assigned and securitized" and that there was "no recorded assignment of mortgage." Complaint, Ex. A at 21, D. Ct. Doc. No. 1-1 (emphasis added). Even taking that allegation as true, such conclusory and speculative pleading cannot survive a motion to dismiss. See Iqbal, 556 U.S. at 678.

Cuevas' Ninth and Tenth Counts—which are asserted under the Real Estate Settlement Procedures Act and the Home Ownership Equity Protection Act, respectively—at least in part arguably involved conduct unrelated to the inadequately pleaded securitization allegation. However, those claims must fail as well. Cuevas pleaded those claims with only conclusory allegations that lack sufficient facts to set out any potential statutory violation. See id. Moreover, the face of Cuevas' complaint shows that she is not entitled to relief, as the facts as alleged show that she filed her federal suit after the statute of limitations had expired for an action brought under either

4

act.  See Schmidt v. Skolas, 770 F.3d 241, 249, 251 (3d Cir. 2014); 12 U.S.C. § 2614 (one year); 15 U.S.C. § 1640(e) (three years); Complaint, ¶¶ 25-26, D. Ct. Doc. No. 1-5 (alleging loan was executed on May 22, 2008).

These jurisdictional and pleading defects go to the heart of the action, and we are satisfied that any amendment to the complaint—which Cuevas did not request—would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Also, we detect no abuse of discretion in the District Court's inaction on Cuevas' request for default before the named defendants moved to dismiss the complaint, and in denying Cuevas' motion to compel.  Finally, we reject Cuevas' assertion that the District Court showed any bias in its decisions.

Consequently, we will affirm the District Court's judgment dismissing Cuevas' case with prejudice.